## Southwark Mills Company, Appellant, *v.* Slepin.

*Contract—Sales—Rescission—Time limit—Waiver.*

1. Provisions in a contract of sale that cancellation of orders can only be made for breach of contract, and then only within five days after delivery of the goods, and that the purchaser is not entitled to allowance for defects unless claimed within ten days after delivery, are proper and reasonable, and will be enforced by the courts according to their terms.

2. In such a case mere silence or investigation, or even negotiation after the time limit has expired, will not constitute a waiver by the seller of noncompliance by the purchaser with the provisions of the contract as to the time limit.

Argued Oct. 20, 1910.   Appeal, No. 45, Oct. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1909, No. 3,083, discharging rule for judgment for want of a sufficient affidavit of defense in case of Southwark Mills Company v. Morris Slepin and Joseph F. Dittman, co-partners, trading as Slepin & Dittman.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The action was by a seller of cloth against the buyer

upon a written contract of sale which contained the following conditions:

"Goods cannot be returned except by written consent of the seller. If returned they are to be considered as consigned by the purchaser for sale at auction for purchaser's account.

"Cancellation of orders can only be made for breach of contract and then only within five days after delivery of goods if delivered or within five days after default in any delivery if undelivered. Remedy of purchaser confined to cancellation if default not willful. Default or breach as to one shipment will not entitle the purchaser to cancel order as to other shipments.

"Requests for revision, cancellation or return will be given prompt attention with every desire to accommodate the purchaser if it can be done without serious loss.

"Purchaser not entitled to allowance for defects unless claimed within ten days after delivery and before goods are cut or sponged. Defective goods must be set aside and exhibited to seller's representative."

The claim was for goods delivered under this contract.

The affidavit of defense alleged that the goods were defective and that defendants had rejected them and offered to return them, that plaintiff had sent an examiner to inspect the goods and had refused to accept a return of them and that defendants had thereupon stored them on plaintiff's account.

The affidavit of defense did not aver either a cancellation for breach of contract within five days after delivery nor a claim for allowance for defects within ten days after delivery.

The court below refused judgment for want of a sufficient affidavit of defense.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Frank P. Prichard,* for appellant, cited: Gould v. Ins. Co., 134 Pa. 570.

*Julius C. Levi,* for appellees, cited: Baugh & Sons v. Mitchell, 166 Pa. 577; Seigworth v. Leffel, 76 Pa. 476.

OPINION BY MORRISON, J., March 3, 1911:

It is alleged in the plaintiff's statement of claim, that the goods for the price of which this action was brought were sold and delivered under an oral order from defendants to the plaintiff, and that this order was followed by written confirmation from plaintiff to defendants, setting forth the terms of sale, which confirmation was signed by defendants in signification of their assent thereto. These allegations are supported by the copy of the confirmation attached to the statement of claim, and are not denied in the affidavit of defense. This confirmation contains these clauses: that goods cannot be returned except by written consent of the seller; that cancellation of orders can only be made for breach of contract, and then only within five days after delivery of goods; that the purchaser is not entitled to allowance for defects unless claimed within ten days after delivery. This contract was one which the parties were capable of making, and is entirely reasonable. Nor does the affidavit of defense allege fraud or mistake or other cause for invalidating it. As no claim was made for allowance for defects within ten days, and no attempt was made to cancel within five days, after delivery, the plaintiff was entitled to judgment unless the condition was waived. The dates of delivery were October 13 and October 16, 1909. The supplemental affidavit sets up, as a reason why the defendants did not put the goods in storage until November 20, 1909, that the defendants received two letters from the plaintiff, dated respectively November 2 and November 15, 1909, copies of which are set forth in the affidavit. These show that the plaintiff examined the goods pursuant to notice from the defendants that they were imperfect, but it does not appear that this request for examination, or that the examination itself, was made before the time limit expired. If the fact were such it could easily have been alleged.

Mere silence or investigation, or even negotiation, after the time limit had expired, would not constitute a waiver by the plaintiff of noncompliance by the defendants with the provisions of the contract as to the time limit: Gould v. Dwelling House Ins. Co., 134 Pa. 570. We recognize the well settled rule that the action of the court in refusing judgment for want of a sufficient affidavit of defense will not be reversed in doubtful cases. But it seems to us that the question presented here is purely one of law, and that, if the defendants could prove on the trial every material allegation of their affidavit of defense, the court would be bound to declare, as matter of law, that no valid defense was shown.

The order refusing judgment for want of a sufficient affidavit of defense is reversed and the record is remitted with directions to the court below to grant judgment in favor of the plaintiff for the amount of its claim, unless other legal or equitable reasons shall appear why the same should not be done. Costs of this appeal to be paid by defendants.